[852 NYS2d 855]

In the Matter of Thomas E. Krug, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, March 14, 2008

## APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Flaherty & Shea,* Buffalo (*Michael J. Flaherty* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 6, 1965, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of a client who was referred to him by a friend. The petition alleged, inter alia, that respondent gave compensation as a reward for a referral and shared legal fees with a nonlawyer. Respondent filed an answer admitting the material allegations of the petition and raising matters in mitigation.

Respondent admits that he agreed to and did compensate a nonlawyer for a referral that resulted in employment. He further admits that he kept the legal fee that he received for his services in the matter even though, at the time that he collected the fee, there was a proceeding pending to dissolve his law partnership, and an order had been issued directing the parties therein to remit to their respective counsel one half of the legal fees collected on any file in which the parties had an interest, regardless of whether the interest in the particular file was disputed.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-103 (d) (22 NYCRR 1200.8 [d])—compensating or giving anything of value to a person or organization to recommend or obtain employment by a client, or as a reward for having made a recommendation resulting in employment by a client; and

DR 3-102 (a) (22 NYCRR 1200.17 [a])—sharing legal fees with a nonlawyer.

We have considered the matters submitted by respondent in mitigation, including that the misconduct was an isolated incident that occurred during a period of time in which respondent was involved in contentious litigation with a former law partner. Additionally, we have considered respondent's candor, cooperation with the Grievance Committee and expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of censure entered.